# IN THE COURT OF APPEALS OF IOWA

No. 17-1853
Filed March 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ZACHARY ALFRED HAYES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cedar County, Stuart P. Werling, Judge.

Zachary Hayes appeals his convictions of multiple acts of child endangerment resulting in serious injury and neglect of a dependent person. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Zachary Hayes was convicted of multiple acts of child endangerment resulting in serious injury, in violation of Iowa Code section 726.6A (2016), and neglect of a dependent person, in violation of Iowa Code section 726.3, and sentenced to an indeterminate term of incarceration not to exceed sixty years. The record shows Hayes physically abused his two-month-old child. The medical evidence showed the child had fractured ribs, a detached optic nerve, head trauma, and brain injury. These injuries resulted in permanent medical conditions, including limited cognitive ability, permanent visual impairment, the inability to eat without the assistance of a gastrointestinal tube, and, most likely, the inability to walk. In this direct appeal, Hayes claims his trial counsel provided constitutionally deficient representation in failing to move for judgment of acquittal on the charge of neglect of a dependent person and in failing to challenge a jury instruction.

The court reviews ineffective-assistance-of-counsel claims de novo. *See State v. Straw,* 709 N.W.2d 128, 133 (Iowa 2006). To succeed on an ineffective-assistance claim, "a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). An attorney fails to perform an essential duty when he or she does not meet "the standard of a reasonably competent practitioner." *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (quoting *Maxwell*, 743 N.W.2d at 195). "There is a presumption the attorney performed his [or her] duties competently." *Id.* "Prejudice exists where the claimant proves by a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 596 (internal quotation marks omitted) (quoting *Maxwell*, 743

N.W.2d at 196).  Failure to prove either element of ineffective assistance defeats a defendant's claim.  *See State v. Williams*, 695 N.W.2d 23, 29 (Iowa 2005).

We first address Hayes's claim his counsel provided constitutionally deficient representation in failing to file a motion for judgment of acquittal on the charge of neglect of a dependent person.  *See State v. Schlitter*, 881 N.W. 2d 380, 391 (Iowa 2016) (resolving ineffective assistance claim on direct appeal regarding motion for judgment of acquittal because "no reasonable trial strategy could permit a jury to consider a crime not supported by substantial evidence").  A district court may only grant a judgment of acquittal "if the evidence is insufficient to sustain a conviction of [the charged] offense or offenses."  Iowa R. Crim. P. 2.19(8)(a).  The district court must deny a motion for a judgment of acquittal if substantial evidence supports a guilty verdict.  *See State v. Marlin*, No. 01-0518, 2002 WL 987899, at *1 (Iowa Ct. App. May 15, 2002).  "Substantial evidence is evidence upon which a rational finder of fact could find a defendant guilty beyond a reasonable doubt."  *Id.* In reviewing a motion for judgment of acquittal, the district court views the evidence in a light most favorable to the State.  *See id.*

A parent commits neglect of a dependent person when the parent "knowingly or recklessly exposes [his or her child] to a hazard or danger against which [the child] cannot reasonably be expected to protect [himself or herself]." Iowa Code § 726.3.  The jury was instructed as follows:

> [a] person is "reckless" or acts "recklessly" when he willfully disregards the safety of persons or property.  It is more than a lack of reasonable care which may cause unintentional injury. Recklessness is conduct which is consciously done with willful disregard of the consequences.  For recklessness to exist, the act must be highly dangerous.  In addition, the danger must be so obvious that the actor knows or should reasonably foresee that harm

will more than likely than not result from the act. Though recklessness is willful, it not intentional in the sense that harm is intended to result.

On de novo review, we conclude Hayes cannot establish prejudice because there was substantial, overwhelming evidence of his guilt and the result of the proceeding would not have been different if counsel moved for judgment of acquittal. When viewed in the light most favorable to the State, the evidence showed Hayes failed to seek medical treatment for his child in a timely manner after injuring him by slamming him violently onto a bed. The injuries were severe and obvious. After Hayes injured the child, the child began having seizures and was unable to focus his eyes. Hayes admitted that, after injuring the child, his immediate reaction was, "Oh fuck. Because I thought I had hurt him." Nonetheless, Hayes did not seek immediate treatment for the child. Indeed, when the child's mother discovered the child in distress and sought to take the child to the hospital, Hayes discouraged her from so doing. There is not a reasonable probability of a different result if counsel had moved for judgment of acquittal. *See State v. Holbert*, No. 82AP-568, 1983 WL 3355, at *5-6 (Ohio Ct. App. Feb 15, 1983) (finding there was sufficient evidence to support defendant's conviction of endangering a child when defendant inflicted head injuries on the child and failed to seek timely medical treatment for the child); *Chiplin v. State*, No. 05-17-01052-CR, 2018 WL 6583025, at *6-7 (Tex. Crim. App. Dec. 14, 2018) (holding a jury could rationally find the defendant acted recklessly when he inflicted head injuries on a child but delayed treatment in order to see if the child would get better).

We next address Hayes's contention that his counsel should have objected to Jury Instruction No. 16. That jury instruction states:

> Evidence has been offered to show that the defendant made statements at an earlier time and place.
> If you find any of the statements were made, then you may consider them as part of the evidence, *just as if they had been made at this trial.*

(Emphasis added). Hayes argues the final clause of the instruction is not supported by law and is in violation of his Fifth Amendment right against self-incrimination.

On de novo review, we conclude counsel did not breach a duty in failing to challenge the instruction. This court has repeatedly rejected the same challenge to the same instruction. *See, e.g.*, *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *4-5 (Iowa Ct. App. June, 20, 2018); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018); *State v. Vandekieft*, No. 17-0876, 2018 WL 2727720, at *7-9 (Iowa Ct. App. June 6, 2018); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *8-10 (Iowa Ct. App. Mar. 7, 2018). Hayes's counsel's performance did not fall below that of a reasonably competent practitioner by failing to raise a challenge this court has repeatedly rejected. *See In re Detention of Vaughn*, No. 00-0795, 2001 WL 1482137, at *1 (Iowa Nov. 26, 2001) (finding counsel was not ineffective for failing to raise a claim that the court had recently rejected).

Because substantial evidence supported Hayes's conviction, his counsel did not provide ineffective assistance by failing to move for judgment of acquittal on Hayes's charge of neglect of a dependent person. Hayes's counsel was not ineffective in failing to object to a jury instruction this court has repeatedly approved.

**AFFIRMED.**